JAFFE & ASHER LLP
600 Third Avenue
New York, New York 10016
(212) 687-3000
Attorneys for Plaintiff
Gregory E. Galterio (GEG-0787)
Mark P. Monack (MPM-0187)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GREGORY WELTEROTH ADVERTISING, INC.,    Docket No.

                 Plaintiff,

    -against-                                                                       **COMPLAINT AND
                                                                                                       DEMAND FOR A JURY**

MODERN LUXURY MEDIA LLC,

                 Defendant.
------------------------------------------------------------X

       Plaintiff, Gregory Welteroth Advertising, Inc. ("GWA"), by its attorneys, Jaffe & Asher LLP, as and for its complaint herein against defendant Modern Luxury Media LLC ("MLM"), alleges as follows:

## NATURE OF THE ACTION

    1.    This is an action for actual and anticipatory breach of contract arising out of MLM's refusal to honor the terms and conditions of a written agreement whereby, inter alia, MLM agreed to sell 1,000 pages of advertising space in its luxury lifestyle magazines to GWA for $1,000 per page, for a total purchase price of $1,000,000. However, despite due demand, MLM has failed refused to honor the terms and conditions of the parties' agreement, MLM has made it clear that it will only agree to provide 100 pages of advertising at $3,500 per page, and MLM is therefore in material actual and/or anticipatory breach of the agreement. As a direct and

proximate result of the aforesaid breaches, GWA has sustained direct and consequential damages in an amount to be determined at trial, but believed to exceed $10 million.

## THE PARTIES

2. At all relevant times hereinafter mentioned, plaintiff GWA was and is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business located at 356 Laurens Road, Montoursville, PA 17754. GWA is a full service advertising agency. Among other things, GWA is engaged in the business of purchasing print advertising space in various periodicals for resale to GWA's various clients for placement of specific print advertisements.

3. Upon information and belief, at all relevant times hereinafter mentioned, defendant MLM was and is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 7 West 51st Street 8th Floor, New York, NY 10019, and with other offices throughout the country, including, without limitation, 200 West Hubbard Street, Chicago, IL 60610. MLM is a publisher of regional luxury magazines such as *CS Design* and calls itself "the premier luxury lifestyle publisher in the United States."

## JURISDICTION AND VENUE

4. Jurisdiction of this action is predicated upon 28 U.S.C. § 1332 in that there is complete diversity between plaintiff and defendant, which are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of costs and interest.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) in that the defendant resides, maintains offices and/or has its principal place of business in this district.

## FACTS COMMON TO ALL CLAIMS

6. On or about April 12, 2008, MLM and GWA entered into a written agreement (the "Agreement"), a copy of which is attached hereto as Exhibit A.

7. Pursuant to the Agreement, GWA agreed to purchase, and MLM agreed to sell, 1,000 pages of advertising space in MLM's various magazines at a price of $1,000 per page over a period of 36 months.

8. The Agreement was duly executed by Gregory Welteroth ("Welteroth"), as President of GWA, Julie Monteith ("Monteith"), as MLM's Midwest National Account Director, and Kaitlyn Disselkoen ("Disselkoen"), as the Publisher of MLM's magazine CS Interiors.

9. Subsequent to the execution of the Agreement, GWA promised several of its clients advertising space in MLM publications and certain clients committed to purchase such advertising space to the exclusion of other advertising space in other publications.

10. At all relevant times, GWA has fully performed and/or has been ready, willing and able to perform, all of its obligations under the Agreement.

11. Despite due demand, MLM has refused to honor the Agreement and has failed and refused to sell any advertising space to GWA pursuant to the terms and conditions set forth in the Agreement.

12. Subsequent to the execution of the Agreement, MLM made it clear that it would not honor the terms and conditions thereof. More specifically, MLM refused to honor both the price and quantity terms set forth therein.

13. Notwithstanding the plain and unambiguous price terms set forth in the Agreement, MLM attempted to increase that term from $1,000 per page to $2,000 per page; however, it ultimately demanded the sum of $3,500 per page.

3

14. Notwithstanding the plain and unambiguous quantity terms set forth in the Agreement, MLM attempted to reduce the number of pages from 1,000 to 100.

15. In addition to the foregoing, MLM refused to accept any payment from GWA on the terms and conditions set forth in the Agreement, although GWA was at all times ready, willing, and able to tender, and attempted to tender, the full purchase price under the Agreement.

16. As a direct and proximate result of MLM's wrongful conduct, GWA has sustained actual and consequential damages in an amount that is presently unknown, but is believed to exceed $10 million, including, without limitation, lost profits on the resale of the 1,000 page advertising space specified under the Agreement. Additionally, because GWA was unable to honor its commitments to clients who had been promised advertising space in MLM's publications, at least one client of GWA has refused to conduct any future business with GWA as of the date of this complaint. Moreover, GWA's reputation in the industry has been tarnished.

### AS AND FOR A FIRST CLAIM FOR RELIEF
(Breach of Contract)

17. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 16 of this complaint with the same force and effect as if set forth fully at length herein.

18. The wrongful conduct of MLM as described above constitutes a material breach of the Agreement.

19. As a direct and proximate result of MLM's material breach of the Agreement, GWA has sustained damages in an amount to be determined at trial, but believed to be no less than $10 million.

20. By reason of the foregoing, GWA is entitled to judgment against MLM in an amount to be determined at trial, plus interest, together with the costs and disbursements of this action, including reasonable attorneys' fees.

4

## AS AND FOR A SECOND CLAIM FOR RELIEF
(Anticipatory Breach Of Contract)

21.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 of this complaint with the same force and effect as if set forth fully at length herein.

22.     The wrongful conduct of MLM as described above constitutes a material anticipatory breach of the Agreement.

23.     MLM has never repudiated or cured its renunciation of the Agreement.

24.     As a direct and proximate result of MLM's material anticipatory breach of the Agreement, GWA has sustained damages in an amount to be determined at trial, but believed to be no less than $10 million.

25.     By reason of the foregoing, GWA is entitled to judgment against MLM in an amount to be determined at trial, plus interest, together with the costs and disbursements of this action, including reasonable attorneys' fees.

## DEMAND FOR A JURY

Pursuant to Fed. R. Civ. P. 38(b), plaintiff Gregory Welteroth, Inc., by its attorneys Jaffe & Asher LLP, hereby demands a jury trial on all issues triable by a jury.

**WHEREFORE**, Plaintiff Gregory Welteroth Advertising, Inc. demands judgment as follows:

A.     On the first claim for relief, for judgment against MLM in an amount to be determined at trial, plus interest, together with the costs and disbursements of this action, including reasonable attorneys' fees.

B.     On the second claim for relief, for judgment against MLM in an amount to be determined at trial, but reasonably believed to be no less than $10 million, plus interest, together with the costs and disbursements of this action, including reasonable attorneys' fees.

C.    For such other and further relief as this Court deems just and proper.

Dated: New York, New York
       July 30, 2008

                                          JAFFE & ASHER LLP

By: _____
                                          Gregory E. Galterio
                                          Mark P. Monack
                                          Attorneys for Plaintiff
                                          Gregory Welteroth Advertising, Inc.
                                          600 Third Avenue, Ninth Floor
                                          New York, New York 10016
                                          (212) 687-3000

PROGRAM ALL 30 TITLES IN MODERN LUXURY TITLE AVERAGE COST PER PAGE $1000 NET TOTAL UP TO 36 MONTHS TO UTILIZE PAGES... ALL GCA CLIENTS ON APPROVAL — EXCEPT BSH — YOUROZ — MS RAU — PALM BEACH ART & ANTIQUE SHOW NET 1 MILLION — PRE PAY — PROGRAM 90 DAYS TOTAL PAGE COUNT 1000 PAGES — PAGES TO BE USED EQUALLY ACROSS ALL PUBLICATION WITH RESONABLE EXCEPTION TO CERTAIN TITLES

APRIL/12/2008

AGREED

[signature]

CERY WESTCOTT

AGREED

[signature]

[signature]